NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0348n.06
Filed: May 3, 2005

No. 04-3496

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff-Appellant,

v.

AMERITECH SERVICES, INC.,

    Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE NORTHERN
DISTRICT OF OHIO

_____/

Before:    MARTIN, COOK and LAY, Circuit Judges.[*]

BOYCE F. MARTIN, JR., Circuit Judge. The Equal Employment Opportunity Commission appeals the district court's award of summary judgment in favor of Ameritech Services, Inc., in this case alleging pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

Prior to April 29, 1979, the effective date of the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k), Ameritech's predecessors treated pregnancy leave as personal leave rather than as disability leave for purposes of seniority accrual. Both parties agree that this policy would have violated the Act if it were in place when the Act became effective, but on the effective date of the

_____

[*]The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

Act, Ameritech's predecessors adopted a new pregnancy leave policy that complied with the new statute. It is undisputed that from April 29, 1979, to the present, employees have received full service credit for pregnancy-related leaves.

Ameritech and its predecessors have long utilized a seniority system based upon term of employment. Since the 1960s, this seniority system has been entitled Net Credited Service, which the parties refer to as "NCS." An employee's Net Credited Service date is her original hire date adjusted to reflect any leaves or other absences for which service credit was not earned. This date is used to determine retirement eligibility, pension benefits, bids on open positions, vacations, promotions, transfers, and other job-related benefits. Before and after enactment of the Pregnancy Discrimination Act, employees taking pregnancy leave were provided written notice of their Net Credited Service date when returning to work and periodically throughout their careers at the company.

In March 1994, Ameritech amended its retirement and pension plan through the Ameritech Pension Plan Enhancement Program, which provided that the retirement benefits of eligible employees who terminated employment between February 22, 1994, and September 30, 1995, would be calculated as if they had three additional years of service and three additional years of age. As a result, some employees became eligible for an immediate service pension and other benefits for which they otherwise would not have qualified. When it established the Enhancement Program, Ameritech did not alter employees' respective Net Credited Services dates, nor did it retroactively grant credit for pregnancy-related leaves occurring prior to enactment of the Pregnancy Discrimination Act. As a result, approximately 7,000 Ameritech employees who had taken such

leave prior to April 1979 were not eligible for all of the newly offered benefits. Some of these individual employees filed discrimination charges with the Equal Employment Opportunity Commission, which issued right-to-sue letters.

In December 1995, Ameritech employee Bernadette Bernabei filed suit against Ameritech in the Northern District of Ohio, alleging that Ameritech's failure to grant retroactive credit for pre-Pregnancy Discrimination Act pregnancy leaves violated Title VII and the Equal Pay Act. In March 1997, Ameritech filed suit in the Northern District of Illinois against a proposed defendant class, seeking a declaration that it had engaged in no illegal activity. Bernabei's suit was transferred to the Northern District of Illinois and consolidated with Ameritech's suit. The Northern District of Illinois entered summary judgment in favor of Ameritech. The Seventh Circuit affirmed. *See Ameritech Benefit Plan Comm. v. Communication Workers of Am.*, 220 F.3d 814 (7th Cir. 2000).

In August 1997, the Commission filed the instant suit against Ameritech in the Northern District of Ohio, alleging violations of Title VII and the Equal Pay Act and seeking relief on behalf of a class of "all present and former female employees of [Ameritech] who took any maternity-related leave of absence which commenced on or after July 2, 1965 and before April 29, 1979 and who are now or were within the scope of the offer made by the March 25, 1994 Pension Plan Enhancement Program of [Ameritech]."

On cross-motions for summary judgment, the district court ruled in favor of Ameritech. The district court held that the Commission's Title VII claim was time-barred because the claimants did not file charges with the Commission within three hundred days of any discriminatory conduct by

Ameritech. According to the court, any discriminatory conduct in which Ameritech may have engaged took place no later than 1979 and the differentials in early retirement eligibility and benefits represented only "the present effect of [Ameritech's] pre-1979 maternity leave policy." With respect to the Commission's Equal Pay Act claim, the district court held that Ameritech was entitled to a complete defense because any unequal pay was due to a bona fide "seniority system." In making its ruling, the district court indicated that the Seventh Circuit's decision in *Ameritech Benefit Plan*, while not preclusive, had a "powerful *stare decisis* effect" on this litigation.

After engaging in a thorough review of the record in the present case, we conclude that the district court was correct to grant summary judgment to Ameritech. The Seventh Circuit, in *Ameritech Benefit Plan,* 220 F.3d at 821-24, considered the very facts and legal issues presented in this case and concluded that Ameritech was entitled to summary judgment on both the Title VII and Equal Pay Act claims. We find the Seventh Circuit's analysis to be persuasive, and we thus adopt it in this case.

We therefore **AFFIRM** the district court's judgment.